NOT DESIGNATED FOR PUBLICATION

No. 118,228

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DONNIE MARCELL HILL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Riley District Court; DAVID L. STUTZMAN, judge. Opinion filed October 19, 2018.
Vacated in part and remanded with directions.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*James W. Garrison*, assistant county attorney, *Barry Wilkerson*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., GREEN and MALONE, JJ.

PER CURIAM: Donnie Marcell Hill appeals the trial court's order that he pay $300 in Board of Indigents' Defense Services (BIDS) attorney fees, arguing that the trial court did not consider his financial resources in violation of our Supreme Court's holding in *State v. Robinson*, 281 Kan. 538, 543, 132 P.3d 934 (2006). Hill also challenges his sentence for distribution of marijuana, arguing that the trial court miscalculated his criminal history score. For reasons stated later, we determine that the trial court violated our Supreme Court's holding in *Robinson*. Thus, we vacate the trial court's BIDS' attorney fee order and remand with directions to reconsider its order in respect to the

1

*Robinson* factors. Next, Hill has established that his sentence may be illegal. Based on the specific facts of this case, we remand to the trial court with directions to reconsider Hill's criminal history score, explaining as we set forth later, whether it correctly determined Hill's criminal history.

Hill pled no contest to distribution of marijuana, a severity level 4 felony in violation of K.S.A. 2014 Supp. 21-5705(a)(4). Before sentencing, court services compiled a presentence investigation (PSI) report stating that Hill had a criminal history score of A. His score was based partly on three previous Illinois burglaries. Court services classified the three Illinois burglaries as person felonies.

At sentencing, the trial court sentenced Hill to 46 months' imprisonment followed by 24 months' postrelease supervision, which was the mitigated presumptive grid sentence for a person with a criminal history score of A. The trial court also reduced Hill's BIDS' attorney fee from $750 to $300 by stating, "[t]he Court will reduce reimbursement to BIDS to the sum of $300 along with the application fee."

*Did the Trial Court Properly Consider Hill's Financial Burdens While Ordering the Repayment of the BIDS' Attorney Fee?*

Hill recognizes that the trial court lowered the BIDS' attorney fee from $750 to $300. Nevertheless, he argues that the trial court failed to consider his financial resources to pay the BIDS' attorney fee in violation of our Supreme Court's holding in *Robinson*. Accordingly, he asks this court to vacate the attorney fee and remand to the trial court to consider whether the trial court should have imposed the fee given his financial constraints as required by *Robinson*. The State responds that the trial court adequately considered Hill's financial ability to pay the BIDS' attorney fee.

Whether the trial court complied with the plain language of K.S.A. 22-4513 when assessing BIDS' attorney fees constitutes a question of law over which this court has unlimited review. *Robinson*, 281 Kan. at 539.

K.S.A. 22-4513(a) requires that defendants represented by BIDS' attorneys reimburse BIDS for its services. The court, however, has discretion in calculating the defendant's BIDS' fee. K.S.A. 22-4513(b) provides: "In determining the amount and method of payment of such sum, the court shall take account of the financial resources of the defendant and the nature of the burden that payment of such sum will impose."

In *Robinson*, our Supreme Court held: "A sentencing court assessing fees to reimburse the Board of Indigents' Defense Services under K.S.A. [] 22-4513 must consider on the record at the time of assessment the financial resources of the defendant and the nature of the burden that payment of the fees will impose." 281 Kan. 538, Syl. ¶ 1. The *Robinson* court explained that the language of K.S.A. 22-4513(b) was "in no way conditional." 281 Kan. at 543. The *Robinson* court further held that defendants had no burden to first request that the sentencing court consider their financial resources. 281 Kan. at 543-44.

Here, during sentencing, Hill's attorney mentioned that Hill was under "financial duress" because his client was injured and unemployed. When pronouncing Hill's sentence, the trial court explained that it would "reduce reimbursement to BIDS to the sum of $300 along with the application fee" from $750. It also waived Hill's KBI lab fee given "the financial circumstances of the defendant." When the State requested clarification on the KBI DNA fee, the trial court stated that it was waiving the fee "in light of the financial situation, the defendant's health situation, and his extended time of incarceration."

The State asserts that the trial court's statements when considered as a whole establishes that the court adequately considered Hill's financial resources. Nevertheless,

3

in *Robinson*, our Supreme Court clearly held that the trial court must make three findings on the record when it determined the defendant's obligation to BIDS: (1) the financial resources of the defendant; (2) "the nature of the burden that payment of the fees [would] impose"; and (3) the weight each factor played in its decision. 281 Kan. at 546. Although the trial court may have considered Hill's financial resources internally when ordering Hill to pay the $300 BIDS' attorney fee, it did not engage in the on-the-record inquiries required by *Robinson*. Additionally, despite the State's argument to the contrary, under *Robinson*, the trial court's comments about Hill's financial resources when waiving the KBI lab and KBI DNA fees are distinct from the court's consideration of Hill's obligation to BIDS.

Moreover, our Supreme Court, as well as this court, has reversed a defendant's BIDS' attorney fee obligation in cases where the trial courts engaged in more fact-findings than the trial court in this case. For example, our Supreme Court has held that the trial court's questions about whether the defendant was employable and worked in prison violated its holding in *Robinson* because the trial court never questioned the defendant about "his financial resources or the burden such reimbursement would cause him." *State v. Wade*, 295 Kan. 916, 927, 287 P.3d 237 (2012). And, this court has held that the trial court violated *Robinson* when the trial court simply asked when the defendant could start paying back BIDS and how much the defendant could pay. *State v. Knight*, 44 Kan. App. 2d 666, 671, 241 P.3d 120 (2010).

In summary, the trial court did not make an on-the-record assessment of Hill's financial resources while ordering Hill to pay the BIDS' attorney fee. In turn, the trial court violated our Supreme Court's holding in *Robinson*. 281 Kan. at 546. For this reason, we vacate the trial court's order imposing the $300 BIDS' attorney fee and remand to the trial court to comply with the *Robinson* inquiries.

*Did the Trial Court Err by Scoring Hill's Prior Illinois Burglaries as Person Felonies for Criminal History Purposes?*

Appellate courts exercise de novo review over whether a defendant's sentence is illegal. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016).

Hill's primary argument on appeal is that the trial court incorrectly calculated his criminal history score. He asserts that his three previous convictions for burglary in Illinois should not have counted as person crimes for criminal history purposes because the Illinois burglary statute that he violated is not comparable to the subsection of the Kansas burglary statute that constitutes a person crime. Hill therefore requests that this court vacate his sentence and remand for resentencing with his correct criminal history score.

Under K.S.A. 2017 Supp. 21-6811(e), courts must compare a defendant's out-of-state offense to the most comparable Kansas crime in existence when the defendant committed the current crime of conviction to determine if the defendant's out-of-state crime should be considered a person or nonperson crime for criminal history purposes. "If the state of Kansas does not have a comparable offense in effect on the date the current crime of conviction was committed, the out-of-state conviction shall be classified as a nonperson crime." K.S.A. 2017 Supp. 21-6811(e)(3). Our Supreme Court has interpreted K.S.A. 2017 Supp. 21-6811(e)(3) to mean that if the out-of-state offense is identical to or narrower than the comparable Kansas offense, which is a person crime, then the court may classify the out-of-state offense as a person crime. *State v. Wetrich*, 307 Kan. 552, 562, 412 P.3d 984 (2018).

Additionally, under the categorical approach adopted by our Supreme Court in *State v. Dickey*, 301 Kan. 1018, 1037, 350 P.3d 1054 (2015), the trial court may use the defendant's prior conviction to enhance the defendant's current sentence when the defendant's prior conviction is identical to or narrower than the generic crime. The

approach applies "when the statute forming the basis of the defendant's prior conviction contains a single set of elements constituting the crime." *Dickey*, 301 Kan. at 1037.

The Illinois statutes at issue contain a single set of elements constituting the crime. Illinois criminalizes "burglary" and "residential burglary" in different statutes. Illinois criminalizes burglary under 720 Ill. Comp. Stat. 5/19-1, and it criminalized residential burglary under 720 Ill. Comp Stat. 5/19-3. Furthermore, Hill committed two of his Illinois burglary convictions in 1993 and one in 2004.

In 1993, for example, the burglary statute stated:

"§19-1.Burglary (a) A person commits burglary when without authority he knowingly enters or without authority remains within a building, housetrailer, watercraft, aircraft, motor vehicle as defined in The Illinois Vehicle Code,1 railroad car, or any part thereof, with intent to commit therein a felony or theft. This offense shall not include the offenses set out in Section 4-102 of The Illinois Vehicle Code, nor the offense of residential burglary as defined in Section 19-3 hereof." P.A. 82-238, § 1, eff. Jan. 1, 1982; see also P.A. 91-928, § 5, eff. June 1, 2001.

On the other hand, Illinois' residential burglary statute explicitly states that residential burglary involves the entering of a "dwelling place" without authority. P.A. 84-832, Art. III, § 4, eff. Sept. 23, 1985; P.A. 91-928, § 5, eff. June 1, 2001. In 1993, the Illinois residential burglary statute stated: "§ 19-3. Residential burglary. (a) A person commits residential burglary who knowingly and without authority enters the dwelling place of another with the intent to commit therein a felony or theft." P.A. 84-832, Art. III, § 4, eff. Sept. 23, 1985. In 2001, the Illinois Legislature amended both the simple burglary statute and the residential burglary statute to add language that made it clear that simple burglary was a lesser included offense of residential burglary. See P.A. 91-928, § 5, eff. June 1, 2001; *People v. Atkins*, 217 Ill. 2d 66, 68, 838 N.E.2d 943 (2005).

6

For each of his Illinois burglary convictions, Hill's PSI report states the following: "720 ILCS 5/19-1: Residential Burglary." Clearly, this language contradicts itself given that 720 ILCS 5/19-1 is the statutory language penalizing simple burglary while 720 ILCS 5/19-3 is the statutory language penalizing residential burglary.

In Kansas, the Kansas burglary statute—K.S.A. 2017 Supp. 21-5807— states:

> "(a) Burglary is, without authority, entering into or remaining within any:
> "(1) Dwelling, with intent to commit a felony, theft or sexually motivated crime therein;
> "(2) building, manufactured home, mobile home, tent or other structure which is not a dwelling, with intent to commit a felony, theft or sexually motivated crime therein; or
> "(3) vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property, with intent to commit a felony, theft or sexually motivated crime therein."

Only burglary of a dwelling constitutes a person crime. K.S.A. 2017 Supp. 21-5807(c)(1)(A).

Accordingly, a comparison of Kansas' burglary statute with the Illinois simple burglary statute and residential burglary statute establishes that Hill's sentence is potentially illegal. This is because only the Illinois residential burglary statute—720 ILCS 5/19-3—involves the unauthorized entry of a dwelling. It follows that if Hill's Illinois convictions were for simple burglary under 720 ILCS 5/19-1, the trial court had to classify his convictions as nonperson crimes. Thus, it is readily apparent that *if* Hill committed simple burglary under 720 ILCS 5/19-1, then the trial court erred when it classified his previous Illinois burglaries as person crimes.

In its brief, although the State alleges that it now has journal entries establishing that Hill's Illinois burglaries were residential burglaries, it has not included those journal

7

entries in the record on appeal. Instead, the State concedes that based on the PSI report, remand to the trial court is necessary. Both parties therefore seek remand to the trial court. Yet, they seek remand for the opposite reasons given that Hill has asked this court to vacate his sentence.

Nevertheless, as argued by the State, Hill's reference to the contradictory language in Hill's PSI report, in and of itself, does not support the vacation of his sentence. In short, because Hill's PSI report references his convictions as "720 ILCS 5/19-1: Residential Burglary," there is some evidence supporting that Hill's prior Illinois convictions were for simple burglaries and there is some evidence supporting that Hill's prior Illinois convictions were for residential burglaries. As a result, these are contradictory propositions. Thus, one must be true, and the other must be false. Moreover, because the categorical approach applies in this case, we simply need to know what Illinois burglary statute Hill was convicted under to resolve his criminal history challenge.

In summary, Hill has established that there is a real possibility his sentence is illegal. Moreover, at the very least, his PSI report contains a clerical error. In addition, the parties concede that remand is necessary. Thus, we direct the trial court to determine whether Hill's previous Illinois burglaries were simple burglary or residential burglary convictions. If the trial court finds that Hill violated the simple burglary statute under 720 ILCS 5/19-1, it must resentence Hill with his simple burglary convictions classified as nonperson crimes.

Vacated in part and remanded with directions.